IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-30770

Summary Calendar
_____

JOHN KENNY

Plaintiff-Appellant,

versus

AAA LIFE INSURANCE COMPANY

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Eastern District of Louisiana
(95-CV-3077-D)

_____

January 7, 1997

Before HIGGINBOTHAM, DAVIS, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Plaintiff John Kenny appeals the district court's grant of
summary judgment against him.  Kenny was injured when, while riding
a bicycle, he was struck by a car.  Kenny's claim that the two
insurance policies issued by AAA cover the accident is mistaken;
the district court correctly determined that the policies in
question do not provide coverage for the Kenny in this type of
accident.  *See Massachusetts Mut. Life Ins. Co. v. Nails*, 549 So.2d

_____

    [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

826, 832 (La. 1989) (when the words of an insurance contract are clear and unambiguous, terms are to be taken and understood in their plain and ordinary sense) (adopting a rule of strict construction).

Kenny contends on appeal that summary judgment is not appropriate because he has stated claims under Louisiana law for false advertising, misrepresentation, and breach of Louisiana insurance law, LA. REV. STAT. ANN. §§ 22:658, 1220. The district court did not consider or rule on these issues. Unfortunately for Kenny, the Louisiana statutes he cites explicitly provide that they are not applicable to health and accident insurance claims. *See* LA. REV. STAT. ANN. § 22:1220(D) (§ 22:1220 "shall not be applicable to claims made under health and accident insurance policies"); *Id.* § 22:658 (applies to "all insurers issuing any type of contract, other than those specified in" § 22:656-57, which include health and accident policies); *Id.* § 22:6(2) (defining Health and Accident Insurance). Furthermore, the record before us contains no evidence whatsoever to support a claim of misrepresentation, false advertising, or breach of insurance law. In order to avoid summary judgment, plaintiff must offer evidence sufficient to establish the existence of each element essential to his case, not mere assertion or speculation. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

The judgment of the district court is in all respects AFFIRMED.

2